UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES CALVIN RODGERS FERGUSON                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:13CV-271-S

LOUISVILLE METRO DEPARTMENT OF CORRECTIONS                        DEFENDANT

MEMORANDUM OPINION

Plaintiff James Calvin Rodgers Ferguson filed a *pro se* complaint.  Because Plaintiff is

proceeding *in forma pauperis*, this Court must preliminarily review the complaint pursuant to 28

U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the

reasons that follow, the complaint will be dismissed.

I.

In the title of the caption of the complaint, Plaintiff names the Louisville Metro

Department of Corrections as Defendant.[1]  As grounds for filing this case in federal court,

Plaintiff alleges, "harrasement, unlawful incosoratien or confinement Robbery, sexual and

pyshcall assault Lost of Property and home Due to onegoing conspricey."  As his statement of

claim, he alleges:

> was walking Down Zorn Avenue Doing Nothen or Brakeing Law when I was
> approch By K. Kandell And J. Martin And A Cilvilian plain clothes And was Stop
> Foundel Repeatly And gieving A warnt check But had None And was gieving A
> sitation For No Cause and Release[.]

---

[1]Elsewhere in the complaint, Plaintiff also names K. Kandell, J. Martin, and "A cilvilian in plain clothes" as defendants.  According to Rule 10(a) of the Federal Rules of Civil Procedure, however, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  *The title of the complaint must name all the parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."  (emphasis added).  Because K. Kandell, J. Martin, and "A cilvilian in plain clothes" are not listed in the caption of the complaint, they are not properly named defendants and are not parties to this action.

As relief, Plaintiff seeks $800,000,000,000 and for the Court "to [illegible] Lawsuits That or Dismiss and Appealed."

## II.

Upon review of a complaint under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  "Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  Absent either element, no § 1983 claim exists.  *Id.*

The Louisville Metro Department of Corrections, a municipal department, is not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  The municipality is the proper Defendant – in this case, Louisville Metro Government.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues:  (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any officer acted pursuant to a municipal policy or custom in causing his alleged harm, and nothing in the complaint demonstrates that any officer's action occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government.  A municipality "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a

4

*respondeat superior* theory." *Monell*, 436 U.S. at 691.  Consequently, the complaint fails to establish a basis of liability against the Louisville Metro Government and, therefore, fails to state a cognizable § 1983 claim against it.

For these reasons, the action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Jefferson County Attorney
4411.005